UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SU Y.,
    Plaintiff,

v.

MARTIN J. O'MALLEY,
Commissioner, Social Security
Administration,
    Defendant.

C.A. No. 23-cv-541-JJM-PAS

## ORDER

Su Y. applied for Disability Insurance Benefits which were denied after the ALJ found that he was not disabled. Before the Court are Mr. Y.'s Motion to Reverse or Remand the Decision of the Commissioner, and Defendant Commissioner Martin J. O'Malley's[1] Motion to Affirm the Decision of the Commissioner. ECF Nos. 8, 11. After a thorough review of the entire record, and consistent with the law in this Circuit, the Court DENIES Mr. Y's Motion to Reverse and Remand (ECF No. 8) and GRANTS the Commissioner's Motion to Affirm (ECF No. 11).

## I.    FACTS AND BACKGROUND

At the time he filed for disability, Mr. Y was 51 years old. He had a Bachelor of Science in Mechanical Engineering and had worked as a Design Engineer before being laid off after which he received unemployment benefits. He lives with his wife

---

[1] Under Fed. R. Civ. P. 25(d), the Court has substituted Martin J. O'Malley, the new Commissioner of the Social Security Administration, for Acting Commissioner Kilolo Kijakazi as the Defendant.

and six children. He applied for disability resulting from sudden hearing loss and tinnitus in the left ear, vertigo, anxiety, and depression. When he filed for disability, his wife worked full time while he remained at home to take care of the children and home. After surviving steps one through four of the disability evaluation process, the ALJ determined at step five that Mr. Y did not qualify for disability because he could fulfill several jobs in the national economy.

Mr. Y appeals the ALJ's decision for two reasons. First, he contends that the ALJ erroneously applied the relevant legal standard by not considering his subjective complaints in light of the entire record.[2] Second, he argues that the ALJ failed to account for discrepancies between the assessment that he is limited to simple instructions/tasks and the Vocational Expert's ("VE") opinion that he could perform Dictionary of Occupational Titles ("DOT")[3] reasoning level 2 jobs that require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "deal with problems involving a few concrete variables in or from standardized situations." In response, the Commissioner argues that the ALJ appropriately discounted Mr. Y's subjective statements about his limitations because they were not entirely consistent with the medical record or his

---

[2] Mr. Y. alleges that by describing his grievances as "inconsistent with the medical evidence," the ALJ effectively discounted them by not properly applying the analysis for evaluating symptoms, including pain. 20 CFR § 404.1529(c)(3).

[3] To determine whether the claimant can adjust to any work that exists in the national economy after considering the claimant's residual function capacity ("RFC") limitations and other information, an ALJ relies primarily on the DOT and may also rely on a VE.

daily activities. The Commissioner argues that DOT reasoning levels of 2 and 3 are consistent with the VE's descriptions of the jobs Mr. Y could perform.

## II.   STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court must affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.   ANALYSIS

As part of the process to decide whether a claimant can perform alternative forms of employment at step five, the ALJ must determine whether the underlying impairment would reasonably affect the claimant's RFC and the extent of that capacity. 20 CFR § 404.1529 (2024). Doing that in this case, the ALJ determined

that the medical evidence supported a finding that Mr. Y's impairment could have been reasonably expected to produce his pain or other symptoms but that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence." ECF No. 6-2 at 23.

The Court reviews what the ALJ considered.[4] First, the ALJ discusses the effects of Mr. Y's hearing loss and tinnitus flare-ups, and its subsequent improvement to account for the nature, location, onset, duration, frequency, and intensity his symptoms. *Id.* at 23-24. The records do not note that he takes any medication to alleviate his pain or other symptoms. The ALJ also acknowledged that Mr. Y's hearing tolerance debilitates when he is around "high frequency" noise levels and should be restricted to moderate noise levels. *Id.* at 23. The ALJ acknowledged Mr. Y's regular consultations with Anchor Counseling for his recurring depressive/anxiety symptoms. *Id.* at 24. Referring to Mr. Y's paroxysmal positional vertigo with lightheadedness and loss of balance, the ALJ noted that those issues were mostly resolved. *Id.*

Faced with these reports and medical records, the ALJ also considered Mr. Y's self-reported daily activities, including driving his children to and from school,

---

[4] Relying on a California case, Mr. Y first contends that the ALJ did not provide the reasons that he credited parts of his testimony over others. *Tate v. Astrue*, No. 1:11-cv-01643-SKO, 2013 WL 211259, *5 (E.D. Cal. Jan. 18, 2013). Besides noting that this case is not binding on this Court, the Court finds that the ALJ did address Mr. Y's inconsistent testimony by stating that his subjective testimony is also at odds with the relevant medical records. ECF No. 6-2 at 22-23.

engaging in hobbies outside the home, housekeeping activities, and driving long distances on vacation in finding that his pain was not so limiting that he could perform other jobs. *Id.* at 22-25. The ALJ noted that Mr. Y reads for relaxation, texts with friends, and golfs occasionally to mitigate his depression and anxiety. *Id.* at 23. The record shows that he can carry on with his responsibilities and enjoy his life pursuits with loved ones leading the ALJ to conclude that his reported symptoms were not consistent with the medical records. "While a claimant's performance of household chores or the like ought not be equated to an ability to participate effectively in the workforce, evidence of daily activities can be used to support a negative credibility finding." *Teixeira v. Astrue*, 755 F. Supp. 2d 340, 347 (D. Mass. 2010); *Ortiz v. Berryhill*, C.A. No. 16–584-JJM, 2017 WL 6001698, at *12 (D.R.I. Nov. 9, 2017).

Ultimately, the state agency doctors found that Mr. Y was not disabled and the ALJ found those opinions to be persuasive and based on the entire record. The ALJ properly reviewed all available records including Mr. Y's subjective complaints regarding the intensity, persistence, and limiting effects of his symptoms. The Court therefore finds that substantial evidence supports the ALJ's conclusions about Mr. Y's testimony about his pain, and the intensity of that pain.[5]

Mr. Y's next argument that the VE's testimony conflicts with DOT definition level 2 restriction also fails. Level 2 restrictions require that the claimant have "the

---

[5] Mr. Y's contention that the ALJ's failure to properly apply the two-step process of the Code of Federal Regulation is incorrect and his harmless error theory misplaced.

ability to apply common sense understanding to carry out detailed but uninvolved written or oral instruction." *Dictionary of Occupational Titles,* Appendix C, § III (rev. 4th ed. 1991). He argues that there is a conflict because the VE testimony limits his capacity to "simple instruction/tasks." During his testimony, the ALJ asked the VE if he could identify occupations in the national economy within the parameters he identified. The VE cited to several jobs including one as a "housekeeper" that would accommodate Mr. Y's present RFC tolerance. ECF No. 6-2 at 56.

The Court finds no conflict here. Courts in the First Circuit have "determined that an individual limited to 'simple, unskilled tasks' is not excluded from a position requiring GED reasoning levels of two or three." *Hargrow v. Colvin*, Civil Action No. 13-10170-DJC, 2014 WL 1153782, at *17 (D. Mass. Mar. 19, 2014); *Auger v. Astrue*, 792 F. Supp. 2d 92, 97 (D. Mass. June 14, 2011) (no conflict between the VE's testimony regarding claimant's ability to perform a job limited to "simple and unskilled" work and the DOT's level 3 classification); *see Lacap v. Barnhart*, No. C.A. 04-182-L, 2006 WL 2516500, at *4 (D.R.I. July 20, 2006) (despite finding claimant had moderate impairments in concentration and therefore an inability to respond to customary work pressures, the description was not inconsistent with DOT reasoning levels of 2). The VE's assessment of Mr. Y's work capabilities is supported by the evidence and the law.

The ALJ also considered whether there was a conflict and resolved it by properly relying on the VE's knowledge and expertise. Where it may be "that the VE's testimony is inconsistent with the information contained in the DOT, there is a

6

reasonable explanation for the discrepancy [when] this testimony is based on the vocational expert's extensive experience in the field of vocational rehabilitation." *See Duncan v. Colvin*, Civil No. 12-cv-431-JL, 2013 WL 5671486, at *3 (D.N.H. Oct. 17, 2013) (holding that reliance on a VE's experience in the field was justification enough to credit his explanation for the discrepancy). Therefore, the Court finds that the ALJ's decision is supported by substantial evidence and Mr. Y has not identified a conflict between the VE's limitation and level 2 jobs.

## IV. CONCLUSION

The Court DENIES Mr. Y's Motion to Reverse or Remand. ECF No. 8. The Court GRANTS the Commissioner's Motion to Affirm. ECF No. 11.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

July 11, 2024